**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA LUCRECIA IXCOY-VICENTE, | No. 25-1367 |
| Petitioner, | Agency No. A216-962-716 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2026**
Phoenix, Arizona

Before: RAWLINSON, M. SMITH, and BRESS, Circuit Judges.

Sandra Lucrecia Ixcoy-Vicente, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the denial of asylum, withholding, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* When the BIA adopts and affirms the IJ's decision "and expresses no disagreement" with it, as in this case, we "review the IJ's order as if it were the BIA's." *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. To be eligible for asylum, Ixcoy-Vicente must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, she must "prove that it is more likely than not" that she will be persecuted if returned to Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017). In this case, substantial evidence supports the denial of asylum and withholding of removal.

First, whether reviewed for substantial evidence or de novo, Ixcoy-Vicente did not demonstrate past persecution in Guatemala. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206,

1213 (9th Cir. 2009)). Ixcoy-Vicente was never seriously harmed in Guatemala, did not face "repeated, specific" threats "combined with confrontation or other mistreatment," *id.* at 1062, was not detained, and did not suffer "'substantial economic deprivation that constitutes a threat to life or freedom.'" *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006)). While her mother and brother were threatened by extortionists and her brother was kidnapped, those actions were not "part of 'a pattern of persecution closely tied to' the petitioner [her]self." *Id.* (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)) (alterations omitted). Although Ixcoy-Vicente's experiences in Guatemala were at times unfortunate, they do not rise to the level of persecution.

Second, to obtain asylum and withholding of removal, Ixcoy-Vicente must show that the persecution was "'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). Substantial evidence supports the agency's determination that Ixcoy-Vicente failed to make this showing, as the record reflects that the Guatemalan government generally assisted her when threats were reported. For example, the police investigated the kidnapping and identity theft of her brother and arrested one of the perpetrators. And after she reported the threats made by her husband's cousins, a court hearing was held, and

Ixcoy-Vicente obtained a mediated agreement.

Third, to show well-founded fear "[a]bsent evidence of past persecution, [an applicant] must . . . show[ ] both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (quoting *Recinos De Leon v Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). There is no well-founded fear if the applicant "'could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)). Here, Ixcoy-Vicente's husband and children have been safely living in Guatemala. Evidence in the record also shows that Ixcoy-Vicente could work and receive familial support in Guatemala. And nothing indicates that either the gang members who originally threatened her family, her husband's cousins, or the individuals who sent anonymous threats to her and her family would be able to reach her or her family in other parts of the country.

For these reasons, substantial evidence supports the denial of asylum and withholding of removal.[1]

2. As to CAT relief, we consider "whether the alien is more likely than not to

---

[1] Because these various grounds support the denial of asylum and withholding of removal, we need not reach the IJ's no-nexus determination.

be tortured in the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(4)). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.18(a)(1). While "all evidence" relevant to a CAT claim must be considered, "the existence of past torture 'is ordinarily the principal factor on which we rely.'" *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005)). In this case, Ixcoy-Vicente has never experienced past torture, and nothing in the record indicates that she would, more likely than not, be tortured in the future by or with the acquiescence of a public official.

**PETITION DENIED.**[2]

---

[2] Ixcoy-Vicente's motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.